**LUJAN AGUIGUI & PEREZ** LLP
300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064
Facsimile (671) 477-5297

*Attorneys for Eric J. Mandell*



FILED
DISTRICT COURT OF GUAM
MAR 10 2006 ap
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF GUAM

ORIGINAL

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>ERIC J. MANDELL,<br><br>Defendant. | Criminal Case 05-00045<br><br>**DEFENDANT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT** |

**Guidelines Advisory Only**

As the Probation Officer appropriately notes in ¶ 37 of the Presentence Investigation Report (PSR), the United States Sentencing Guidelines (USSG) are only advisory and non-binding upon the sentencing Judge. *United States v. Booker* (2004), 543 U.S. 220, 245-6, 125 S. Ct. 738, 757. The *Booker* decision allows the sentencing court to consider the Guidelines while tailoring a sentence in light of other relevant concerns.

**Base Offense Level Should Be Recalculated**

The Defendant's position is that the PSR does not accurately reflect various circumstances of his case, particularly with respect to the amount of methamphetamine hydrochloride that he is

alleged to have possessed and which is then used to set his Base Offense Level at 38. PSR, ¶¶ 38 and 43.[1]

The Base Offense Level of 38 is based upon an assumption that the Defendant pled guilty to possession of "9.4 grams of methamphetamine hydrochloride (pure drug) and two kilograms net weight of methamphetamine." PSR, ¶ 38.

It is true that Count I of the Indictment filed June 1, 2005, alleges that the Defendant "did knowingly and intentionally distribute approximately two (2) kilograms net weight of Methamphetamine Hydrochloride." But this is an element that the Defendant has repeatedly contested.

At a hearing before Magistrate Judge Joaquin V. E. Manibusan Jr. on July 12, 2005:

> By and through counsel,[2] and without the benefit of a written plea agreement, the defendant requested that the quantity on methamphetamine in the Indictment be changed, but the Government disagreed with the amount proposed by the defendant. The Court advised the parties to resolve this matter …

PSR, ¶ 4.

At a hearing before Magistrate Judge Manibusan on July 15, 2005:

> [T]he Court granted a Waiver and consent to Determination of Drug Quantity Amounts and by the defendant consented to the determination of drug amounts by Judge at his sentencing. On the same date, the defendant again appeared for a change of plea hearing before Magistrate Judge Manibusan, Jr. By and through counsel, and without the benefit of a written plea agreement, pled guilty to the indictment.

PSR, ¶¶ 5 and 72; *see* Waiver and Consent to Determination of Drug Quantity Amounts filed July 15, 2005.

---

[1] Because of the Defendant's acceptance of responsibility and timely notification of his willingness to enter a plea of guilty, he was granted a 3-level downward adjustment that brought his Total Offense Level to 35.

[2] By Court appointment from the June 3, 2005 until February 28, 2006, Cynthia V. Ecube represented the Defendant; on the latter date present counsel substituted into the case in place of Ms Ecube. PSR, ¶ 2, and Substitution of Attorney filed February 28, 2006.

By virtue of Magistrate Judge Manibusan's order of July 15, 2005, the issue of the quantity of methamphetamine chargeable to the Defendant is yet to be determined. It is settled that a sentence cannot be predicated on conjecture or assumptions regarding a defendant's conduct.

> [W]e reaffirm our holding in *Apprendi*:[3] Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621.

The Defendant in this case not having admitted to the quantity of methamphetamine that the government claims he possessed and the Court having reserved that issue to be tried by a judge at the time of sentencing, the government must establish that fact beyond a reasonable doubt. *Booker, id.* at 543 U.S. 232, 125 S.Ct. 749 ("That [Sixth Amendment] right is implicated whenever a judge seeks to impose a sentence that is not solely based on 'facts reflect in the jury verdict or admitted by the defendant'").

Accordingly, until the government bears its burden of proving the actual quantity of methamphetamine involved, this Court cannot know the Base Offense Level.

**Defendant is Entitled to a Substantial Cooperation Downward Departure**

The Defendant challenges the statement at ¶ 84 of the PSR that there is no information that would warrant a sentence outside the guidelines range.

While the Defendant's plea was not the result of a written agreement (PSR, ¶ 72), the government nonetheless should move for a downward departure based upon the Defendant's substantial cooperation in helping to corral other drug dealers.

Attached hereto and incorporated by reference as a part of the Defendant's response to the PSR is a copy of a Plea Agreement that the government offered to the Defendant on June 8, 2005. It is significant and relevant to the sentencing proceedings because of ¶ 3(b), which commences at page 3 and states:

> The United States agrees that the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1. Accordingly it will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant. Defendant acknowledges that the United States has made no promise, implied or otherwise, concerning the degree of departure which it will recommend.
>
> The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining the degree of the government's request for a downward departure from the mandatory statutory minimum or applicable Guidelines sentencing range:
>
> 1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;
> 2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;
> 3) the nature and extent of defendant's assistance;
> 4) any injuries suffered or any danger or risk of injury to defendant or his family resulting from any assistance provided by defendant; and
> 5) the timeliness of any assistance provided by defendant.
>
> It is understood that the final decision as to how much, if any reduction in sentence is warranted because of defendant's substantial assistance, rests solely with the District Court.

This offer by the government is unique in that it was not a conditional offer, i. e., one predicated on a defendant's future or continuing cooperation. Instead it "agrees that the defendant has provided 'substantial assistance'."

---

(Footnote continued from previous page)

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct 2348, 2363, 147 L.Ed.2d 435 (2000).

Page 4 of 6
Case 1:05-cr-00045   Document 35   Filed 03/10/2006   Page 4 of 15

The fact that, for whatever reason, the Defendant did not accept the Plea Agreement does not vitiate the flat out admission by the government that he had already provided substantial assistance to it. With or without a plea agreement, substantial assistance is a factor that the government should honor and advise the Court of its existence prior to sentencing. If the government declines to do so, the Court may depart downward *sua sponte*. *United States v. Khoury*, 62 F.3rd 1138, 1142 ("[T]he district court had the authority to make a departure on its own motion").

### Conclusion

On the basis of Waiver and Consent to Determination of Drug Quantity Amounts filed July 15, 2005, and the authorities cited herein, the issue of the quantity of methamphetamine possessed by the Defendant must be determined beyond a reasonable doubt by the Court on the basis of evidence presented by the parties. Moreover, the Defendant, having given substantial cooperation to the government, should be the beneficiary of a government motion for a downward departure.

Dated March 10, 2006.

**LUJAN AGUIGUI & PEREZ LLP,**

/s/

_____
**Peter C. Perez, Esq.
Counsel for Eric J. Mandell**

# DECLARATION OF SERVICE

I certify that I have caused to be served upon the following on March 10, 2006, a copy of the foregoing Reply to Presentence Investigation Report of Eric J. Mandell:

**Office of the United States Attorney**
500 Sirena Plaza
108 Hernan Cortez Street
Hagåtña GU 96910

_____
Peter C. Perez, Esq.



U.S. Department of Justice

*United States Attorney*
*District of Guam*

---

*Sirena Plaza, Suite 500*  (671) 472-7332
*108 Hernan Cortez Avenue*  FAX: (671) 472-7334
*Hagatna, Guam  96910*

June 8, 2005

Cynthia Ecube
Suite 3, Travel Pacificana Bldg.
207 Martyr Street
Hagatna, Guam 96910

    Re: <u>United States v. Eric J. Mandell, Cr. No 05-00045</u>

Dear Cynthia,

    I am enclosing a plea agreement for your client. I will be filing an Information pursuant to 21 U.S.C. § 851 based on his prior Superior Court conviction, CF 516-99. I have also relayed your information to S/A Paul Griffith, who tells me he intends to make your client his priority.

                            Sincerely,

                             **LEONARDO M. RAPADAS**
                            United States Attorney
                            Districts of Guam and the NMI

            By:      _____
                         **KAROM V. JOHNSON**
                         Assistant U.S. Attorney

LAW OFFICE OF CYNTHIA ECUBE
PROFESSIONAL CORPORATION
2:49 P 6/09/05

ericmandellple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 05-00045 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| ERIC J. MANDELL, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ERIC J. MANDELL, enter into the following plea agreement:

1. The defendant agrees to plead guilty to an Indictment charging him with Distribution of Methamphetamine Hydrochloride (ice), in violation of Title 21, United States Code, § 841(a)(1).

2(a) The defendant, ERIC J. MANDELL, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of trafficking in controlled substances, money laundering and other related offenses. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which he is pleading guilty. Cooperation will also include complying with all

- 1 -

reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 11, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3. The defendant, ERIC J. MANDELL, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of his drug trafficking shall be surrendered to the United States or any lawful agency as may be directed by the Court. In particular, defendant agrees to forfeit the $583 in United States Currency and all right, title and interest in the 2003 Toyota Pre-Runner Double Cab Pickup Truck alleged in said Forfeiture Count.

4. The defendant, ERIC J. MANDELL, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in drug trafficking and money laundering activities and his knowledge of other person's involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

5. The defendant, ERIC J. MANDELL, understands that the <u>maximum</u> sentence for Distribution of Methamphetamine Hydrochloride (ice) in an amount of approximately two (2) kilograms net weight, given the defendant has a prior conviction for a felony drug offense, is life imprisonment, with a mandatory term of twenty (20) years incarceration, a $2,000,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. In addition, this offense also provides that any sentence may include a term of supervised release of not more than ten (10) years in addition to such terms of imprisonment. Defendant understands that if he violations a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional five (5) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b) The United States agrees that the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1. Accordingly, it will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant. Defendant acknowledges that the United States has

-3-

made no promise, implied or otherwise, concerning the degree of departure which it will recommend.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining the degree of the government's request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    (3) the nature and extent of defendant's assistance;

    (4) any injuries suffered or any danger or risk of injury to defendant or his family resulting from any assistance provided by defendant; and

    (5) the timeliness of any assistance provided by defendant.

It is understood that the final decision as to how much, if any, reduction in sentence is warranted because of defendant's substantial assistance, rests solely with the District Court.

5(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Distribution of Methamphetamine Hydrochloride (ice) in a quantity of approximately two (2) kilograms net weight, as charged pursuant to Title 21, United States Code, § 841(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

    <u>First</u>: the defendant knowingly delivered methamphetamine hydrochloride;

    <u>Second</u>: the defendant knew that it was methamphetamine hydrochloride or some other prohibited drug; and

<u>Third</u>: defendant distributed approximately two (2) kilograms net weight of this controlled substance.

7. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1965, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Between April 20, 2000, through April 25, 2005, the defendant knowingly and intentionally distributed approximately two (2) kilograms net weight of methamphetamine hydrochloride (ice), a Schedule II controlled substance. On April 20, 2005, defendant was in possession of $583 in United States currency. This money was derived from and constituted proceeds obtained directly and indirectly from defendant's drug trafficking. On April 11, 2005, defendant used his 2003 Toyota Pre-Runner Double Cab Pickup Truck, VIN 5TEGM92N73Z188536, to deliver five grams of methamphetamine hydrochloride to another person.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should

-5-

Case 1:05-cr-00045  Document 35  Filed 03/10/2006  Page 12 of 15

fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

10. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever

-6-

Case 1:05-cr-00045 Document 35 Filed 03/10/2006 Page 13 of 15

reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

Case 1:05-cr-00045    Document 35    Filed 03/10/2006    Page 14 of 15

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: _____

_____
ERIC J. MANDELL
Defendant

DATED: _____

_____
CYNTHIA ECUBE
Attorney for Defendant


LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: _____      By: _____
KARON V. JOHNSON
Assistant U.S. Attorney


DATED: _____

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

-8-

Case 1:05-cr-00045    Document 35    Filed 03/10/2006    Page 15 of 15