1    **LUJAN AGUIGUI & PEREZ** LLP
     Attorneys at Law
2    Pacific News Building, Suite 300
     238 Archbishop Flores Street
3    Hagåtña, Guam 96910
     Telephone (671) 477-8064/5
4    Facsimile (671) 477-5297

5    *Attorneys for Defendant Eric J. Mandell*

# FILED

DISTRICT COURT OF GUAM

MAR 29 2006 ℀

**MARY L.M. MORAN**
**CLERK OF COURT**

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF GUAM**

8    UNITED STATES OF AMERICA,        | CRIMINAL CASE NO. CR05-00045

9

10                  vs.               | **SUBMISSION OF CHANGE OF PLEA**
                                       **HEARING TRANSCRIPT**
11   ERIC J. MANDELL,

12                  Defendant.

13

14         Defendant, through counsel, submits the attached Transcript of Proceedings for the July

15   15, 2005 Change of Plea Hearing. Defendant may use this transcript at the sentencing hearing.

16         Respectfully Submitted this 29th day of March, 2006.

17

18                                     **LUJAN AGUIGUI & PEREZ** LLP

19                         By:  *[signature]*

20                                     **PETER C. PEREZ, ESQ.**
                                       *Attorney for Defendant Eric J. Mandell*
21

22

23

24

25

26

27

28

ORIGINAL

1         **IN THE DISTRICT COURT OF GUAM**

2            **TERRITORY OF GUAM**

3                 * * *

FILED

DISTRICT COURT OF GUAM

MAR 27 2006

MARY L.M. MORAN
CLERK OF COURT

9  UNITED STATES OF AMERICA,  ) COURT OF APPEALS CASE
                       )    NO.

10          Plaintiff,  )
                       )

11     vs.            )   CRIMINAL CASE 05-00045
                       )

12  ERIC J. MANDELL,      )
                       )

13         Defendant.  )
   ----------------------------)

16          TRANSCRIPT OF PROCEEDINGS

17               BEFORE

18    THE HONORABLE JOAQUIN V.E. MANIBUSAN, JR.

19           Magistrate Judge

21         **CHANGE OF PLEA HEARING**

22         **FRIDAY, JULY 15, 2005**

RECEIVED

MAR 27 2006

LUJAN AGUIGUI & PEREZ LLP

1  **APPEARANCES:**

2  FOR THE PLAINTIFF:       UNITED STATES ATTORNEY'S OFFICE
                            BY:  MARIVIC DAVID, Esq.
3                          And MIKEL SCHWAB, Esq.
                            ASST. UNITED STATES ATTORNEYS
4                          Suite 500, Sirena Plaza
                            108 Hernan Cortez Avenue
5                          Hagatna, Guam  96910

6

7  FOR THE DEFENDANT:       LAW OFFICE OF
                            CYNTHIA V. ECUBE, Esq.
8                          207 Martyr Street, Suite 3
                            Hagatna, Guam  96910

9

10                _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**HAGATNA, GUAM; FRIDAY, JULY 15, 2005; 11:44 A.M.**

* * *

THE CLERK:  Criminal case 05-00045, United States of America versus Eric J. Mandell, change of plea.

Counsel, please state your appearances.

MS. DAVID:  Good morning, Marivic David for the United States, with Assistant U.S. Attorney Mikel Schwab.

MS. ECUBE:  Good morning, Your Honor.  May it please the court, Cynthia V. Ecube appearing on behalf of the defendant, Mr. Eric J. Mandell; he is also present in court today, Your Honor, and again he's seated on my right-hand side.

THE COURT:  Good morning, counsel.

The court is advised in this matter that the defendant is going to enter a plea of guilty in this matter, and the court is -- I want to address certain issues before we proceed just to make sure that we understand that everything is proper.

The defendant desires to enter a guilty plea, and based on the relevant fact information, pleading guilty to delivering and distributing at least over 50 grams of methamphetamine.

I refer to this because the Count One of the

1    indictment against the defendant alleges a, I guess

2    delivery of approximately two kilograms I believe.

3    And I'm not so sure how that relates in terms of the

4    defendant's plea to a portion which is less than what

5    is stated in the indictment, and also the legality and

6    the manner in which perhaps amendments to indictments

7    can be legally made.  So I raise those issues as

8    preliminary matters for purposes of the plea that we

9    intend to do today.

10         Is it sufficient to go forward with this plea

11    without at least in part changing the indictment or --

12    I'd look to hear from the government in that regard

13    just --

14         MS. DAVID:  Well, Your Honor, it's my

15    understanding that Ms. Johnson, whose case this is, has

16    consulted with Ms. Ecube, and both parties have agreed

17    it would be sufficient to proceed at this posture with

18    the understanding that the parties, including the

19    defendant, waive and consent to determine the actual

20    drug quantity amounts before a Judge at the time of

21    sentencing.  The parties understand that the maximum

22    term of imprisonment, along with the mandatory minimum

23    term of imprisonment in this case, would remain the

24    same.  And it's my understanding that the parties are

25    prepared to go forward as such.

1      THE COURT:  What is the additional -- a

2  finding of an additional quantity, what does that add

3  in terms of the defendant's potential punishment?

4      MS. DAVID:  It would -- there would be some

5  increase under the Sentencing Guidelines that are now

6  advisory, as the Court very well knows, and perhaps

7  counsel would know the exact approximate base offense

8  level.  But in terms of the statutory maximum, and

9  statutory mandatory minimum, they would remain the

10  same.

11      THE COURT:  All right.  So the understanding

12  then, if we proceed forward, would be that the

13  government reserves the right to show a greater

14  quantity than what the defendant is pleading guilty

15  to --

16      MS. DAVID:  Yes.

17      THE COURT:  -- at the time of sentencing.

18      MS. DAVID:  That's correct, Your Honor.  And

19  that would involve an evidentiary hearing before the

20  sentencing judge.

21      THE COURT:  All right.  And with regards to

22  that evidentiary hearing then, I am presuming that

23  the burden of proof would still be beyond a reasonable

24  doubt.

25      MS. DAVID:  It's my understanding that,

1  and this has been discussed with counsel, between

2  Ms. Johnson and Ms. Ecube, it's my understanding that

3  the burden of proof as agreed to by both parties would

4  be the preponderance of the evidence.

5      THE COURT:  See, that's another issue that

6  I have trouble with, really, because the indictment

7  charges a quantity of two kilos.  To be found guilty

8  of that charge would mean that evidence is presented

9  that requires the trier of fact to find that based upon

10  that evidence, it finds the defendant guilty beyond a

11  reasonable doubt, not by a preponderance.  I'm not so

12  sure that the defendant has the right to change the

13  burden of proof that's required by statute.

14      MS. DAVID:  Uh --

15      THE COURT:  That's another issue that I'm

16  troubled with, because I don't believe any defendant

17  has the right to change the burden of proof that's

18  required for proving guilt from one of beyond a

19  reasonable doubt to a preponderance of the evidence.

20      MS. DAVID:  So, would the court prefer that an

21  information --

22      THE COURT:  I think that if it does go to the

23  Judge for determination of quantity, the burden still

24  has to be beyond a reasonable doubt, and the parties

25  cannot by stipulation lower the burden to preponderance

1    of the evidence, because that's -- that's providing

2    punishment and guilt to defendants on a burden of proof

3    which is less than beyond a reasonable doubt.  And

4    that's my concern.

5         MS. DAVID:  Well, in that case, Your Honor,

6    I would recommend leave at this point and that we not

7    go forward with the current posture of the case until

8    I actually talk to Ms. Johnson, because this was --

9         THE COURT:  Yes, it's that concern that if

10   part of moving forward with the plea is that the

11   parties agree that at the time of sentencing the

12   additional quantity can be found by the District Judge

13   based upon a preponderance of the evidence, I have

14   problems there, because I don't believe the defendant

15   can really waive the burden of proof that's required

16   under the statute.

17        MS. ECUBE:  If I may be heard, Your Honor?

18        THE COURT:  Miss Ecube.

19        MS. ECUBE:  Yes, Your Honor.  My understanding

20   of this at the time in which we first came before the

21   court, Your Honor, there were some general concerns

22   that the court had expressed because of the structure

23   of the indictment.

24        THE COURT:  That's right.

25        MS. ECUBE:  Okay.  And as a result, the

1   parties were not able to proceed forward.  Subsequent

2   to that, I had discussed this issue with my client, as

3   well Ms. Johnson.

4        I know we can, at least as my client, we're

5   not asking at this time -- I mean, it's not clear to me

6   too, as well, but my understanding at the time when we

7   entered into this arrangement was that my client would

8   consent to a determination made by the Judge and not

9   through a jury.  Now, again, I expressed to him that

10  the burdens of proof may be different, and at the time

11  when I discussed this with him it may be preponderance

12  of the evidence.

13       Now, as far as my understanding, and maybe

14  Ms. David needs to check with Ms. Johnson, but I

15  believe that we could agree at this point that both

16  my client -- with the consent of my client we would

17  leave the determination to be made by the judge and

18  not by a jury.

19       Now as far as the issue on the, on how that

20  determination is going to be made based on the standard

21  of proof, then I would defer then to Ms. David to

22  inquire with Ms. Johnson that it could go either as a

23  preponderance of the evidence or it may be beyond a

24  reasonable doubt.  But we obviously won't stipulate

25  to that part, we'll leave it up to whatever the law

1    requires in making that determination.

2            But my client is fully aware, having discussed

3    this issue after the last attempt to enter a change of

4    plea, what the exposure of liability is with respect to

5    this case, and as well as to the amount that he's

6    pleading to.

7            So I just wanted to advise the court, what you

8    inquired with Ms. David with regard to the amounts, the

9    Court is aware that this is the advisory guidelines,

10   and I wanted to point out that my client will be still

11   facing the mandatory minimum; however, we also

12   understand that there was a notice of a --

13           THE COURT:  Of forfeiture?

14           MS. ECUBE:  That's correct, for a enhancement.

15   So again, that again may be trumped by this notice of

16   the enhancement, should the court at the time of

17   sentencing determine that my client, you know,

18   qualifies within this enhancement.

19           So I just wanted to advise the Court that that

20   was my understanding, is that the government would

21   agree that we would leave it up to the sentencing judge

22   to make that determination.  Now, I don't know if

23   Ms. Johnson needs to be made aware of what the burden

24   of proof is, but, again, that was my understanding is

25   that they wanted it to -- they would agree to, as long

1    as it was set for a District Judge to make that

2    determination.

3           THE COURT:  I just wanted the government to

4    understand that if it moved forward to the evidentiary

5    hearing, that it wasn't going to go into that hearing

6    thinking that a preponderance would prevail for the

7    purposes of proving drug quantity.  That was all,

8    because there was this understanding today.

9           MS. DAVID:  Well, perhaps, so that another

10   hearing may not be scheduled, at this point could we

11   reserve the right to argue at a later time that the

12   proper burden of proof is preponderance of evidence?

13   And I'll leave that to Ms. Johnson to further argue

14   at the appropriate time.

15          THE COURT:  I don't think I have a problem

16   moving forward with the plea if there's no agreement

17   today that the evidentiary hearing will be conducted

18   based upon a preponderance of the evidence burden of

19   proof.

20          MS. ECUBE:  If I may, Your Honor?

21          THE COURT:  So that both of you will be able

22   to argue at that point that the proper standard for

23   purposes of all the other cases that have been decided

24   by the Supreme Court still remains the same, that a

25   person cannot be found guilty or any enhancement

1  purposes other than a finding beyond a reasonable

2  doubt.

3  MS. ECUBE: Your Honor, I would agree and I

4  would concur with Ms. David. If the parties want to

5  reserve, we can reserve on that issue prior to the

6  sentencing judge in the evidentiary hearing. And if

7  briefs need to be submitted in furtherance of each

8  other's position, I would, at least at this point with

9  respect to the issue of the standard of proof, if the

10  court is inclined, I would agree that perhaps maybe we

11  could put this on the record that the parties would

12  agree to preserve and reserve that issue at the time,

13  and approach that issue before the sentencing judge

14  prior to the sentencing judge making the determination

15  what proof would govern.

16  THE COURT: In any event, that would be

17  something the court would advise the defendant in

18  relation to his consent to waive a jury finding in

19  that regard also.

20  Ms. David?

21  MS. DAVID: That's fine, Your Honor.

22  THE COURT: All right. Just so that we

23  understand where we're at, we're going to be proceeding

24  forward with the plea. The defendant is going to enter

25  a plea of guilty to at least 50, distribution of at

1    least 50 grams net weight.  The defendant also is going

2    to waive his right to a jury determination of the

3    quantity.  And in relation to that waiver I will be

4    advising him of basically what that entails, so that

5    the court understands fully that the defendant

6    understands what that waiver relates to.

7              And, finally, like I said, the amount, the

8    quantity of the drugs will be determined by a District

9    Judge and the parties therein will argue the burden of

10   proof that's required for proving any additional

11   quantity above the 50 grams.  Okay.

12             MS. ECUBE:  That's fine.  And, Your Honor, I

13   just wanted to clarify for the purposes of this hearing

14   to insure that, what my negotiations with Ms. Johnson

15   was, is that the defendant will be pleading to at least

16   over 50 grams.

17             THE COURT:  That's correct.

18             MS. ECUBE:  Yes, Your Honor.

19             THE COURT:  All right.

20             MS. ECUBE:  At this time, Your Honor, may we

21   approach the lectern?

22             THE COURT:  Yes, you may.

23             All right.  Mr. Mandell, sir, I'm going to be

24   discussing two issues, first, your consent to proceed

25   before me, and then we're going to go into the consent

1     regarding the waiver to be filed. All right?

2         THE DEFENDANT: Yes, sir.

3         THE COURT: Now, in this matter you have been

4     charged with a felony, and because it is a felony,

5     under the constitution of the United States you have

6     the right to have a district judge preside over your

7     plea. If you consent, however, you may enter your

8     guilty plea before me, and sentencing would be made

9     at a later date by the district judge, and also a

10    determination of the quantity of the drugs in this

11    matter. Do you understand that?

12        THE DEFENDANT: Yes, Your Honor.

13        THE COURT: Let the record indicate that the

14    court has before it a consent to Rule 11 plea in a

15    felony case before a United States Magistrate Judge.

16    That is dated for this date, July 15th, it is signed

17    by you, the defendant, Eric J. Mandell, signed by your

18    attorney, Ms. Cynthia Ecube, and approved by the

19    government, Ms. Marivic David.

20        Based upon the written consent before me, the

21    court finds then that you have consented to have your

22    guilty plea before a United States Magistrate Judge.

23        All right. Next, let me deal with the waiver

24    issue. The court has before it a waiver and consent to

25    determination of drug quantity amounts, and I wanted to

1  deal with this issue first because it bears on whether

2  or not we proceed forward with your plea.  Okay.

3          Now you understand, Mr. Mandell, that under

4  the indictment, you are charged with distributing

5  approximately two kilograms of methamphetamine.

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Today you're entering basically

8  a plea to less than that, which is over 50 grams.

9          Now the law of the United States says that a

10  person has the right to proceed before a jury on a

11  determination of all of the issues presented in the

12  indictment.  Do you understand that?

13          THE DEFENDANT:  Yes, sir.  Yes, Your Honor.

14          THE COURT:  Now, going before a jury and

15  waiving your right to a jury means that you're waiving

16  your right to have 12 persons listen to your case and

17  determine the amount of drugs that was used in this

18  case.  Do you understand that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  You're also waiving your right to

21  require unanimity, because all those 12 jurors must

22  unanimously agree that you've distributed a quantity of

23  drugs over a said amount.  You understand that it must,

24  -- that in a jury setting, that the government must

25  convince 12 people, whereas when you proceed before a

1    district judge, you're only convincing one person.   Do

2    you see that difference?

3              THE DEFENDANT:   Yes, Your Honor.

4              THE COURT:   And also, do you understand that

5    when you're waiving your right to a jury trial, you're

6    also waiving your right to be involved in the selection

7    of the jury?

8              THE DEFENDANT:   Yes.

9              THE COURT:   That means that you can look at

10   a pool of 12 persons, and just looking at any one of

11   them you can say I don't want that person to sit in

12   my trial.   You can't do that with regards to a judge.

13   Do you understand then that while you have a right

14   basically in the manner of the selection of the jury,

15   you don't have that right with regards to the district

16   judge.   Do you understand that?

17             THE DEFENDANT:   Yes, Your Honor.

18             THE COURT:   All right.   Based on the court's

19   questioning of the defendant, the court finds that the

20   defendant has been advised of his right to seek a

21   determination of the drug quantity amount by a jury and

22   has consented knowingly and voluntarily to have that

23   drug quantity determined by a trial judge in this

24   matter.   The court will go ahead then and approve the

25   waiver that he has signed waiving his right to have

1    that determination by the jury and having that

2    determination made by the district judge, subject,

3    however, to either party arguing the appropriate burden

4    of proof before the district judge. So I'll go ahead

5    and sign that, date it for today, the 15th.

6          All right. At this time, sir, let me ask that

7    you be placed under oath for purposes of the plea.

8          THE CLERK: Sir, please raise your right hand.

9                **ERIC J. MANDELL,**

10   the defendant herein, was first duly sworn and

11   testified as follows:

12         THE CLERK: Please state your full name and

13   spell your last name for the record.

14         THE DEFENDANT: Eric J. Mandell.

15   M-A-N-D-E-L-L.

16             **E-X-A-M-I-N-A-T-I-O-N**

17   BY THE COURT:

18      Q.   All right, Mr. Mandell, could you tell the

19   court, sir, how old are you?

20      A.   I'm 39 years old, sir.

21      Q.   And can you tell me how far you've gone in

22   school in terms of your education?

23      A.   I have an associate of applied business in

24   golf course business and management.

25      Q.   And have you taken any medication, alcohol,

1   or drugs of any kind today before coming to court?

2       A.   No, sir.

3       Q.   And do you feel well and alert and understand

4   what's going on here in court?

5       A.   Yes, sir.

6       Q.   And have you recently been treated for any

7   mental illness or addiction to narcotics drugs of any

8   kind?

9       A.   Yes, sir, I'm currently in the outpatient

10  program at Department of Mental Health for drug

11  treatment.

12      Q.   But otherwise understand fully what's

13  happening here today?

14      A.   Right.

15      Q.   Do you know of anything else that might impair

16  your ability to make informed decisions in your behalf

17  this morning?

18      A.   No, sir.

19      Q.   Now, have you received a copy of the

20  indictment and discussed it with your attorney?

21      A.   Yes, sir.

22      Q.   And are you satisfied with the representation

23  that you have received from your attorney in this case?

24      A.   Yes.

25      Q.   Now you're entering this plea without the

Case 1:05-cr-00045    Document 38    Filed 03/29/2008    Page 18 of 27

1    benefit of a plea agreement, you understand that?

2        A.    Yes.

3        Q.    Now, has anyone made any promise or assurance

4    of any kind to you in an effort to induce you to plead

5    guilty, other than what's been discussed before the

6    court?

7        A.    No, sir.

8        Q.    And has anyone attempted in any way to force

9    you to plead guilty, to pressure you to plead guilty,

10   or to threaten you to plead guilty in any way?

11       A.    No, sir.

12       Q.    Now you understand you may lose valuable civil

13   rights based upon a conviction in this matter?

14       A.    Yes, sir.

15       Q.    At this time let me discuss with you the

16   maximum penalties that you're facing.  And these

17   include a mandatory minimum of 20 years imprisonment,

18   and a maximum of life imprisonment, an eight-million-

19   dollar fine, a hundred dollar special assessment fee

20   which must be paid at the time of the sentencing.  Also

21   at least ten years of supervised release; and if you

22   violate a condition of supervised release you may face

23   an additional five years of imprisonment.  You

24   understand that this is the --

25       A.    Yes, sir.

1     Q.   -- penalty that you're facing?

2     A.   Yes, sir.

3     Q.   And you also understand that based upon the

4 indictment, the government has requested forfeiture in

5 this case?

6     A.   Yes, sir.

7     Q.   And your statement to the court also indicates

8 that you're willing to forfeit certain items?

9     A.   Yes.

10     Q.   Okay.  Now let me discuss briefly the

11 Sentencing Guidelines.  The United States Sentencing

12 Commission has issued guidelines for judges to use in

13 determining the sentence in a criminal case.  Based

14 upon cases which have been decided by the Supreme

15 Court, these guidelines are now advisory.  Now, have

16 you and your attorney talked about how those advisory

17 guidelines might apply to your case?

18     A.   Yes, sir.

19     Q.   And you understand that the court will not

20 be able to determine the advisory sentencing guidelines

21 sentence for your case until after a presentence report

22 has been completed, you and the government have had an

23 opportunity to challenge the facts therein, and the

24 application of the guidelines as recommended by the

25 probation officer; you understand that?

1      A.    Yes, sir.

2      Q.    And you also understand that any sentence

3 imposed may be different from any estimate that you

4 and your attorney may have discussed; do you understand

5 that?

6      A.    Yes, sir.

7      Q.    You also understand that parole has been

8 abolished, so if you are sentenced to prison, you will

9 not be able to be released by going to a parole board

10 and asking to be released early; do you understand

11 that?

12      A.    Yes, sir.

13      Q.    All right. At this time let me discuss with

14 you what rights you're waiving by pleading guilty.

15        You have the right to plead not guilty to the

16 charge contained in the indictment, and to continue to

17 persist in a not guilty plea; you would then have a

18 right to a trial by a jury. At that trial you would be

19 presumed to be innocent and the government would have

20 to prove your guilt beyond a reasonable doubt. You

21 would have the right to the assistance of an attorney

22 for your defense, the right to see and hear all

23 witnesses testify under oath, and have your attorney

24 cross-examine each one of them in your behalf. You

25 would have the right on your own part to decline to

1   testify unless you voluntarily elected to do so in your

2   own defense.  You would have the right to the issuance

3   of subpoenas to compel the attendance of witnesses to

4   testify in your defense.  Should you decide not to

5   testify or put on any evidence, these facts could not

6   be used against you at that trial.  Do you understand

7   that so far?

8       A.   Yes.

9       Q.   Also at your trial your case will be decided

10  by a jury of 12 persons selected at random from the

11  community through your participation in the selection

12  process.  Before you can be convicted, all 12 persons

13  on the jury must be convinced that the United States

14  had met its burden of proving that you were guilty

15  beyond a reasonable doubt.

16          Furthermore, if you are found guilty after

17  a trial, you would have the right to appeal that

18  conviction to a higher court; and if you could not

19  afford to pay the costs of an appeal, the government

20  would pay those costs for you.  Do you understand that?

21      A.   Yes, sir.

22      Q.   If you plead guilty, however, you will be

23  waiving all those rights that I have mentioned to you,

24  especially your right to a jury trial; you understand

25  that?

1       A.    Yes.

2       Q.    Also, so long as you plead not guilty, you

3  have the right to remain silent.  Once you plead guilty

4  you lose that right because the court will necessarily

5  ask you to admit to certain facts, conduct on your part

6  which would constitute commission of the offense you're

7  pleading guilty to; do you understand that?

8       A.    Yes, sir.

9       Q.    All right.  Today you're entering a plea of

10 guilty to distribution of methamphetamine.  And the

11 elements for this offense are as follows:

12       That you, the defendant, knowingly delivered

13 at least 50 grams net weight of methamphetamine

14 hydrochloride; and two, you, the defendant, knew that

15 it was methamphetamine hydrochloride or some other

16 prohibited drug.

17       Do you understand these are the elements for

18 this offense?

19       A.    Yes, sir.

20       THE COURT:  All right.  And the court has

21 before it a statement of relevant facts.  Let me just

22 read what it says.

23       It provides that between April to May, 2005,

24 you, the defendant, Eric Mandell, delivered and

25 distributed at least over 50 grams of methamphetamine

1  hydrochloride, ice, a controlled II substance.  On

2  April 20, 2005, you, the defendant, were in possession

3  of $583,000 in U.S. currency.  The money was derived

4  from the proceeds of the sale of your drug trafficking.

5       On April 11, 2005, you the defendant used your

6  2003 Toyota PreRunner, with the appropriate VIN number,

7  to deliver at least five grams of methamphetamine

8  hydrochloride, to another person.

9       All right.  Let me ask you, is everything that

10  I have stated to you, and what you have provided to the

11  court and to the government in your statement of

12  relevant facts, is that true and correct in every

13  respect?

14       MS. ECUBE:  Your Honor, if I could just make

15  one correction?

16       THE COURT:  Okay.

17       MS. ECUBE:  The amount of the defendant being

18  in possession, the possession amount of the proceeds

19  was $583.

20       THE COURT:  I'm sorry, okay.  583, right.  I

21  need a new pair of glasses.

22       Is everything that I have stated to you, with

23  the correction that your counsel made, true and correct

24  in every respect?

25       THE DEFENDANT:  Yes, sir.

1      THE COURT:  All right.  And is that

2  satisfactory to the government?

3      MS. DAVID:  Yes, Your Honor.

4      THE COURT:  Sir, let me then ask you at this

5  point, how do you wish to plead to the indictment which

6  charges you with distribution of methamphetamine

7  hydrochloride, guilty or not guilty?

8      THE DEFENDANT:  Guilty, sir.

9      THE COURT:  All right.  The court, after

10 having examined the defendant in this matter,

11 ERIC J. MANDELL, makes a finding that the defendant

12 is fully competent and capable of entering an informed

13 plea, that his plea of guilty is knowing and voluntary,

14 and supported by a independent basis in fact containing

15 each of the essential elements of the offense.

16      The court is therefore signing the report and

17 recommendation concerning plea of guilty, pursuant to

18 Rule 11(c)(3)(B) of the Federal Rules of Criminal

19 Procedure.  The court hereby recommends that the

20 defendant be adjudged guilty and have sentence imposed

21 at a later date by the district judge.

22      The court at this time is signing the

23 recommendation, dating it for July 15, 2005.  And the

24 court advises the parties that objections to the report

25 and recommendation are waived unless filed and served

1   within ten days hereof.

2          At this time, do we proceed with sentencing?

3          MS. ECUBE:  Your Honor, if I may?  I haven't

4   had the opportunity to discuss this with Ms. David.

5   But as we previously pointed out at the last hearing,

6   Your Honor, this matter is still under seal.

7          THE COURT:  You want a status hearing then?

8          MS. ECUBE:  Yes.  And I believe, just to

9   advise the court, and I believe just to reaffirm with

10  Ms. David, Mr. Mandell is still cooperating, he's still

11  a cooperating witness with the, working with the

12  federal government, so I just -- perhaps a status

13  hearing in a few months to advise the court of where

14  everything is at would be appropriate.

15         THE COURT:  How about a status hearing on

16  October 24, 2005, at 10:00; is that fine?

17         MS. ECUBE:  That's fine.

18         THE COURT:  So status hearing October 24,

19  2005, at 10:00 o'clock in the morning.

20         MS. ECUBE:  10:00 o'clock, Your Honor?

21         THE COURT:  10:00 in the morning, yes, on

22  October  24.

23         MS. ECUBE:  Thank you, Your Honor.

24         THE COURT:  And defendant will continue to be

25  released pursuant to the same terms and conditions that

1  he has previously been released.

2          MS. DAVID:  Thank you, Your Honor.

3          MS. ECUBE:  Thank you, Your Honor.

4          THE COURT:  Anything else?

5          MS. ECUBE:  Nothing further.

6          THE COURT:  Thank you very much.

7          (Proceedings concluded at 12:15 p.m.)

8                   * * *

9

10             CERTIFICATE OF REPORTER

11

12  CITY OF AGANA      )
                       ) ss.

13  TERRITORY OF GUAM  )

14

15        I, Wanda M. Miles, Official Court Reporter

16  of the District Court of Guam, do hereby certify the

17  foregoing pages 1-26, inclusive, to be a true and

18  correct transcript of the shorthand notes taken by me

19  of the within-entitled proceedings, at the date and

20  time therein set forth.

21        Dated this 24th day of March, 2006.

22

23  *Wanda M. Miles*

24

25