DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC J. MANDELL,<br><br>Defendant. | Criminal Case No. 05-00045<br><br>**ORDER RE: EVIDENTIARY HEARING** |

The defendant pled guilty to Count I of an indictment which charged the defendant with distribution of more than 2 kilograms of methamphetamine hydrochloride. On July 15, 2005, the change of plea was entered without the benefit of a written plea agreement before the U.S. Magistrate Judge. The Honorable Consuelo B. Marshall accepted the plea on August 12, 2005.

On June 6, 2006, the sentencing on this matter came before this Court. At that time, counsel for the defendant argued that the defendant was entitled to an evidentiary hearing regarding the amount of the methamphetamine the defendant allegedly distributed. With due consideration of the arguments of counsel, the pleadings and upon further review of the change of plea transcript, this Court finds that an evidentiary hearing is unnecessary. It is clear that the defendant pled guilty to the distribution of at least 50 grams net weight.

///

ORIGINAL

In addition, the government asserts that the change of plea transcript makes clear that the evidentiary hearing before the sentencing judge would occur only if the government desired to prove a distribution quantity in excess of at least 50 grams up to 2 kilograms. The Court notes that it was the government that reserved its right to have an evidentiary hearing to prove any additional quantity above the 50 grams that the defendant distributed.[1]

The relevant portions of the transcript of the Change of Plea hearing held on July 15, 2005 follow:

> Court: The Court is advised in this matter that the defendant is going to enter a plea of guilty in this matter . . .
> The defendant desires to enter a guilty plea, and based on the relevant fact information, pleading guilty to delivering and distributing at least over 50 grams of methamphetamine.[2]
>
> Court: All right. So the understanding then, if we proceed forward, would be that the government reserves its right to show a greater quantity than what the defendant is pleading guilty to - -[3].
>
> Government: That's correct, Your Honor. And that would involve an evidentiary hearing before the sentencing judge.[4]
>
> Counsel: I just wanted to clarify for the purposes of this hearing to insure that, what my negotiations with [the government] was, is that the defendant will be pleading guilty to at least 50 grams.[5]

---

[1] *United States v. Mandell*, Criminal Case No. 05-00045, Change of Plea Transcript, p. 3:16-24.

[2] *Id.*, at p. 3:16-24.

[3] *Id.*, at p. 5:11-15.

[4] *Id.*, p. 5:18-20.

[5] *Id.*, p. 12:12-16.

| | | |
|---|---|---|
| Court: | | Now you understand, Mr. Mandell, that under the indictment, you are charged with distributing approximately two kilograms of methamphetamine. |
| Defendant: | | Yes, Your Honor. |
| Court: | | Today your entering basically a plea to less than that, which is over 50 grams . . . |
| Defendant: | | Yes, sir. Yes, Your Honor.[6] |
| Court: | | All right. Today you're entering a plea of quality to distribution of methamphetamine. And the elements for this offense are as follows: |
| | | That you, the defendant, knowing delivered at least 50 grams net weight of methamphetamine hydrochloride; and two, the defendant, knew that it was methamphetamine hydrochloride or some other prohibited drug. |
| | | Do you understand these are the element for this offense? |
| Defendant: | | Yes, sir.[7] |

Based upon the foregoing, the Court finds that the defendant knowingly and voluntarily pled guilty to the distribution of at least 50 grams of methamphetamine. In that the defendant admitted to distributing at least 50 grams of methamphetamine in his change of plea, he does not have the right to require the government to prove that quantity beyond a reasonable doubt. As such there is no need to have an evidentiary hearing to determine whether the defendant distributed less than this amount. Moreover, the government has not insisted upon an evidentiary hearing to prove

///
///
///

---

[6] *Id.,* at p. 14:3-13.

[7] *Id.,* at p. 22:9-19.

that the defendant distributed more than this amount.[8] Accordingly, the sentencing in this case will proceed on June 15, 2006 at 9:00 a.m. without an evidentiary hearing as to quantity.

Dated this 6th day of June 2006.

JOHN A. HOUSTON[*]
District Court of Guam

---

[8] In addition, the Court notes that any evidentiary hearing held could actually expose the defendant to a higher sentence if the evidence shows the defendant actually distributed up to 2 kilograms as charged.

[*] The Honorable John A. Houston, United States District Judge for Southern District of California, by designation.

4