LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant Eric J. Mandell*

FILED
DISTRICT COURT OF GUAM
JUN 12 2006 
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00045 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S NOTICE OF SECOND SUPPLEMENTAL SENTENCING ARGUMENTS AND PRESENTENCE REPORT OBJECTIONS** |
| ERIC J. MANDELL, | |
| Defendant. | |

**1. THE MANDATORY MINIMUM SHOULD NOT APPLY BECAUSE THE PRIOR FELONY DRUG OFFENSE WAS NOT FINAL**

Mr. Mandell entered into a Plea Agreement in Superior Court of Guam case CF516-99. The offense was based upon miniscule, residual quantities of methamphetamine. Had the matter been handled under the Federal Drug Abuse Prevention and Control Provisions contained in Title 21 of the United States Code the case would likely have been a misdemeanor subject possibly simply to a civil penalty rather than a felony conviction. 21 U.S.C. § 844 and 844a. At the time Mr. Mandell entered into the plea agreement methamphetamine cases under Guam law were not eligible for conditional discharge treatment under which a first time drug offender would otherwise be permitted to enter into a deferred plea agreement, sentenced to probation, then, upon completion with the terms and conditions of his plea agreement, have his case dismissed and his record expunged. In 2002 Guam law changed with the implementation of the Adult Drug Court.

Now, offenders with cases similar to CF516-99 are routinely being given conditional discharge treatment.

Under Guam law, a defendant's probation terms are subject to modification at any time during the probationary period. In CF516-99, Mr. Mandell was sentenced *inter alia* to five years of probation, to end August 2005. The Indictment in the instant federal offense alleges conduct to have occurred between April 25, 2000 and April 25, 2005. Mr. Mandell's Superior Court of Guam Judgment was entered on the docket on April 7, 2000. Mr. Mandell's conviction had been subject to attack, including but not limited to a motion to modify plea agreement to permit conditional discharge treatment of his residue case, which would, if granted, have resulted in a dismissal, expungement and no prior felony conviction upon which to rest an enhancement request.

The government bears the burden of proving the prior convictions beyond a reasonable doubt. A prior felony conviction must be final in order to be counted. *U.S. v. Hass,* 150 F.3d 443 (5th Cir.1998). Finality occurs when a conviction is no longer subject to direct appeal or when reduction to a misdemeanor is no longer possible. *U.S. v. Brazel,* 102 F.3d 1120 (11th Cir.1997)(holding that a conviction is not final until "all avenues of direct attack have been exhausted); *U.S. v. Short,* 947 F.2d 1445 (10th Cir.1991)(discussing state where defendant's prior felony would be reduced to misdemeanor if probation successfully completed). Mr. Mandell's prior drug offense had been subject to attack through August 2005, the month his probation expired, which is four months after the last date of his instant federal offense.

///

///

2

USA vs. Eric J. Mandell;
District Court Criminal Case No. CR05-00045
*Defendant's Notice of Second Supplemental Sentencing Arguments and Presentence Report Objections*

Case 1:05-cr-00045   Document 50   Filed 06/12/2006   Page 2 of 7

## 2. MOTION FOR 5K1.1 DOWNWARD DEPARTURE

Defendant requests the Court reconsider its denial of Defendant's motion for a substantial assistance downward departure based upon his cooperation with local rather than federal authorities. The defense appreciates the information the government provided to the Court concerning the Defendant's cooperation efforts. However, the defense disagrees with the government's valuation of the cooperation. Defendant intends to ask the Court to revisit the issue of his cooperation in consideration for a possible *sua sponte* downward departure below the statutory mandatory minimum because the Defendant provided substantial assistance to local authorities prior to DEA assuming the case.

The Defendant has subpoenaed two Guam Police Department officers who are expected to testify that the Defendant's cooperation was of a *substantial assistance* level. U.S.S.G. § 5K1.1 permits downward departures for a defendant's substantial assistance cooperation with not only federal authorities but also state and local authorities. *United States v. Emery,* 34 F.3d 911, 913 (9th Cir. 1994). Therein, the Court stated:

> The fact that Emery assisted state, not federal, authorities does not alter our conclusion that section 5K1.1 provides the sole authority for a downward departure in recognition of a defendant's assistance to authorities. As the Third Circuit persuasively reasoned in Love, there is no indication in the guidelines or elsewhere that application of section 5K1.1 is limited to assistance to federal authorities in the investigation of federal crimes. Id. Federal courts regularly have applied section 5K1.1 to instances in which a defendant has assisted state and local authorities. United States v. Emery at 913.

In the instant case, the Defendant provided substantial assistance cooperation to local authorities. Despite this, for whatever reason, possibly because the Guam Police Department and the DEA had a turf war over this case, the government has declined to make a 5K1.1 downward departure motion, even though in its plea offer to the Defendant, the government made an unconditional promise to make the motion if the Defendant accepted the government's plea offer. Because the Defendant could not admit to a drug quantity of two kilograms, the Defendant could

3

USA vs. Eric J. Mandell;
District Court Criminal Case No. CR05-00045
*Defendant's Notice of Second Supplemental Sentencing
Arguments and Presentence Report Objections*

Case 1:05-cr-00045   Document 50   Filed 06/12/2006   Page 3 of 7

not execute the plea offered to him and instead pled guilty without the benefit of a plea agreement, reserving his right to challenge the drug quantities the government originally attempted to attribute to him. As an apparent result, the government has now refused to acknowledge the Defendant's substantial assistance. Nevertheless, the district court has the authority to depart downward based upon a defendant's substantial assistance even in the absence of a government motion. *United States v. Khoury*, 62 F.3d 1138, 1141 (9th Cir. 1995).

In *United States v. Paramo*, 988 F.2d 1212 (3rd Cir. 1993), *cert denied,* 510 U.S. 1121, 114 S.Ct. 1076, 127 L.Ed.2d 393 (1994), the defendant Paramo and two co-conspirators were indicted on mail fraud and money laundering charges. The government offered all three an opportunity to enter into plea agreements. In return for cooperating with the government and pleading guilty to the charges against them, the government offered to file a motion for a downward departure at sentencing pursuant to section 5K1.1. Although all three had agreed to cooperate and had already offered statements, only Mr. Paramo's two co-conspirators took the deal. Mr. Paramo refused to plead guilty because he believed the statute did not apply to his conduct. The government made the motion on behalf of the co-conspirators, and they received eighteen and twenty-four months, respectively. Mr. Paramo was found guilty, no § 5K1.1 motion was made, and Mr. Paramo received forty-six months. Mr. Paramo argued that the refusal to file a § 5K1.1 motion was prosecutorial vindictiveness in retaliation for going to trial.

Despite government arguments that Mr. Paramo's cooperation was not substantial compared with the assistance given by the co-conspirators, because Paramo agreed to offer a statement only after the others had given complete statements admitting their roles in the crimes, the Court held that Mr. Paramo should be given an opportunity to show that such claims were

4

USA vs. Eric J. Mandell;
District Court Criminal Case No. CR05-00045
*Defendant's Notice of Second Supplemental Sentencing Arguments and Presentence Report Objections*
Case 1:05-cr-00045   Document 50   Filed 06/12/2006   Page 4 of 7

pretextual and that the real reason no motion was filed was prosecutorial vindictiveness. Thus, the Court remanded to the district court.

In the instant case, the government offered Mr. Mandell the opportunity to enter into a plea agreement. The Plea Agreement stated, "The United States agrees that the defendant has provided 'substantial assistance' as defined by the Sentencing Guidelines 5K1.1. Accordingly, it will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant." Mr. Mandell did not plead guilty pursuant to the government's plea offer because he disagreed with the government's drug quantity calculation of two kilograms, and instead pled guilty without the benefit of a plea agreement so he could reserve his right to challenge the drug quantity amount above 50 grams. Although he had cooperated with local and federal authorities, including providing a detailed statement to the DEA naming his three sources, his customers, and his involvement in the offense, the government declined to make a downward departure at sentencing. The Defendant asserts that the government refused to make such a motion as a result of his assertion of his right to challenge the drug quantities at sentencing.

The Ninth Circuit has adopted the analysis of *Paramo*. *See United States v. Treleaven*, 35 F.3d 458 (9th Cir. 1994). In that case, the defendant demonstrated that he had provided substantial assistance and that the government had engaged in "potentially unconstitutional behavior," thereby possibly depriving him of the chance to get a § 5K1.1 downward departure. Under these circumstances, the Ninth Circuit held that "the government's behavior in this case authorizes the district court to grant [his] request for a downward departure for providing substantial assistance."

5
USA vs. Eric J. Mandell;
District Court Criminal Case No. CR05-00045
*Defendant's Notice of Second Supplemental Sentencing Arguments and Presentence Report Objections*
Case 1:05-cr-00045    Document 50    Filed 06/12/2006    Page 5 of 7

*Id.* at 462. Thus, the court remanded to give the district court the opportunity to depart downward in its own discretion.

### 3. MOTION FOR DOWNWARD DEPARTURE UNDER 18 U.S.C. 3553 and/or 5K2.0

18 U.S.C. § 3553 provides that the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Under this statute the Court shall consider the nature and characteristics of the defendant and the need for the sentence imposed in fixing a sentence. 18 U.S.C. § 3553(a)(1) and (2). Mr. Mandell asks the Court to consider the following:

1) His prior felony offense was based upon residual amounts of methamphetamine which under federal provisions would likely not be given felony status but instead possibly simply civil penalties.

2) His prior felony offense would under current Guam application be given conditional discharge treatment with probation, dismissal and expungement of his record.

3) Mr. Mandell cooperated with local and federal authorities yet the government has declined to make a downward departure based upon substantial assistance.

4) Mr. Mandell has been amphetamine dependent leading him to lead a life derailed by addiction.

5) Still, as the letter from his employer indicates, Mr. Mandell has been able to maintain gainful employment and has been a commendable employee.

6) As the letters of reference indicate, Mr. Mandell's family depends upon him.

7) Mr. Mandell's life changed after the death of his child.

8) Imposition of a twenty year minimum sentence overstates the conduct committed by Mr. Mandel and results in disparate treatment for offenders with similar backgrounds.

6

USA vs. Eric J. Mandell;
District Court Criminal Case No. CR05-00045
*Defendant's Notice of Second Supplemental Sentencing Arguments and Presentence Report Objections*

Case 1:05-cr-00045    Document 50    Filed 06/12/2006    Page 6 of 7

9) Although subsections (e) and (f) discuss limited situations in which a court might depart from a mandatory statutory minimum, section 3553 does not specifically prohibit the court from exercising its discretion to impose a sentence it deems appropriate given the nature and characteristics of the defendant and the need for the sentence to be imposed, even below a statutory minimum.

10) U.S.S.G. 5K2.0 permits the Court to depart downward below a guideline range. There is no prohibition under this provision which prevents the Court from using its discretion to impose a sentence below a mandatory statutory minimum in appropriate cases. *See U.S. v. Aguilar-Ayala,* 120 F.3d 176 (9th Cir.1997).

### 4. OBJECTION TO CRIMINAL HISTORY CATEGORY

The Final Presentence Investigation Report states that Mr. Mandell has three criminal history points then calculates his criminal history category at III. PSR ¶ 50. The U.S.S.G. Sentencing Table provides that an offender with three criminal history points be placed in Criminal History Category II rather than III. Defense counsel has discussed this with the Probation Officer who has agreed that Mr. Mandell should have a Criminal History Category of II and not III.

**RESPECTFULLY SUBMITTED** this 12th day of June, 2006.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**PETER C. PEREZ, ESQ.**
*Attorneys for Defendant Eric J. Mandell*

7
USA vs. Eric J. Mandell;
District Court Criminal Case No. CR05-00045
*Defendant's Notice of Second Supplemental Sentencing Arguments and Presentence Report Objections*

Case 1:05-cr-00045   Document 50   Filed 06/12/2006   Page 7 of 7